# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN COOPER, | : | 1:16cv2073 |
|         **Plaintiff** | : | |
| | : | (Judge Munley) |
|   v. | : | |
| | : | |
| LT. JASON SEEBA, et al., | : | |
|         **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

I.    **Background**[1]

Pro se Plaintiff John Cooper ("Cooper" or "Plaintiff"), at all times relevant an inmate confined at the United States Penitentiary in Lewisburg, Pennsylvania, commenced this Bivens,[2] 28 U.S.C. § 1331, action on October 7, 2016.[3] (Doc. 1). After an inmate advised

---

[1] On February 5, 2018, this matter was reassigned from the Honorable William W. Caldwell to the undersigned.

[2] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504, 98 S.Ct. 2893, 2909 - 10, 57 L.Ed.2d 895 (1978).

[3] Cooper presently resides at the United States Penitentiary in Victorville, California. See https://www.bop.gov/inmateloc/ (last visited March 8, 2018).

Defendants he would injure any cellmate, Defendants placed Cooper in the cell. The other inmate assaulted Cooper who required hospitalization for his injuries. (Id.) Cooper names the following USP-Lewisburg employees as Defendants: Senior Officer Specialist Matthew Hess; Case Manager Franz Klosner; Senior Officer Specialist Zachary Edinger; and Correctional Counselor James Diltz.[4] Presently pending before the Court is Defendants' motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 21). For the reasons that follow, the Court will grant Defendants' motion for summary judgment.

## II. Summary Judgment Standard of Review

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The court must determine "whether the pleadings, depositions, answers to

---

[4] Plaintiff also identified Lt. Jason Seeba and Corrections Officer ("CO") Seagraves as Defendants. However, the Court has been unable to serve these defendants. (Doc. 18). Cooper has failed to provide accurate or updated information sufficient to allow the Court to serve these individuals. Accordingly, the Court will dismiss all claims against Lt. Seeba and CO Seagraves pursuant to Fed. R. Civ. P. 4(m).

interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and whether the moving party is therefore entitled to judgment as a matter of law." MacFarlan v. Ivy Hill SNF, LLC, 675 F.3d 266, 271 (3d Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 - 48, 106 S.Ct. 2505, 2509 - 10, 91 L.Ed.2d 202 (1986).

"A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof." Doe v. Abington Friends Sch., 480 F.3d 252, 256 (3d Cir. 2007) (internal citations omitted). Material facts are those that "might affect the outcome of the suit under the governing substantive law." Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ., 470 F.3d 535, 538 (3d Cir. 2006). Where contradictory facts exist, the court may not make credibility determinations or weigh the evidence. See Reeves v.

Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 - 51, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000) (internal quotation marks and citations omitted); Paradisis v. Englewood Hosp. Med. Ctr., 680 F. App'x 131, 135 (3d Cir. 2017). In reviewing a motion for summary judgment, the Court must view all facts and draw all reasonable inferences "in the light most favorable to the party opposing the motion." Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014) (internal quotation marks omitted).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Santini v. Fuentes, 795 F.3d 410 (3d Cir. 2015) (citing Celotex, 477 U.S. at 323, 106 S.Ct. 2553). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record ... or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(A) - (B). To withstand summary judgment, the non-moving party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324,

106 S. Ct. at 2553 (citation omitted); see also Jones v. United Parcel Serv., 214 F.3d 402, 407 (3d Cir. 2000). The non-moving party "may not rest on speculation and conjecture in opposing a motion for summary judgment." Ramara, Inc. V. Westfield Ins. Co., 814 F.3d 660, 666 (3d Cir. 2016). He cannot satisfy this burden with an affidavit or declaration that sets forth "opinions or conclusions" rather than "specific facts." Blair v. Scott Specialty Gases, 283 F.3d 595, 608 (3d Cir. 2002) (internal quotation marks omitted).

In deciding the merits of a party's motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249, 106 S.Ct. at 2511. Credibility determinations are the province of the factfinder. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

## III. Statement of Undisputed Material Facts[5]

The Federal Bureau of Prisons ("BOP") has established an Administrative Remedy Program for inmates to resolve concerns related to their confinement. (Doc. 25, Defs.' Statement of Material Facts ("DSMF"), ¶ 1; see 28 C.F.R. § 542.10 et seq.). As a first step, the prisoner ordinarily must seek to resolve the issue informally with prison staff using a BP-8 form. (DSMF at ¶ 2, citing 28 C.F.R. § 542.13(a)). If the informal complaint does not resolve the dispute, the prisoner may file a formal administrative remedy request at the institution of confinement using a BP-9 form. The inmate must submit the BP-9 form within twenty calendar days following the date on which the basis of the grievance occurred, except where the prisoner demonstrates a valid reason for delay. (DSMF at ¶ 3, citing 28 C.F.R. § 542.14). If the Warden denies the BP-9 request, the inmate may file an appeal with the Regional

---

[5] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." Pa. M.D. Local Rule 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issue of trial. See id. Unless otherwise noted, the factual background herein derives from the Defendants' Rule 56.1 statement of material facts. (Doc. 25). Cooper filed a brief in opposition to Defendants' motion; however, he did not file a response to Defendants' statement of material facts. See Doc. 34. Accordingly, the Court deems the facts set forth by Defendants to be undisputed. See Pa. M.D. Local Rule 56.1.

Director using a BP-10 form. The BP-10 must be submitted within twenty calendar days of the date the Warden responded to the BP-9, with the exception again where there are valid reasons for delay. (DSMF at ¶ 4, citing 28 C.F.R. § 542.15(a)). As a last step, where the prisoner is not satisfied with the Regional Director's response, he or she may submit an appeal to the BOP Office of General Counsel, located in the Central Office, using a BP-11 form. The inmate must submit the BP-11 within thirty calendar days of the date the Regional Director's response to the BP-10, with the same exception for valid reasons for delay. (DSMF at ¶ 5, citing 28 C.F.R. § 542.15(a)). An appeal to the Central Office constitutes the final level of administrative review. (DSMF at ¶ 6, citing 28 C.F.R. § 542.15(a)). An inmate is not deemed to have exhausted his administrative remedies until he has pursued his grievances through all levels and Central Office decides it on its merits. (DSMF at ¶ 7, citing 28 C.F.R. §§ 542.10 – 542.19).

    The Administrative Remedy Program instructs that the absence of a response within the time allotted for reply, including any extensions, is considered a denial of the inmate's request at that level. (DSMF at ¶ 8, citing 28 C.F.R. § 542.18). Inmates may request access to copies of

responses "from the location where they are maintained…" (DSMF at ¶ 9, citing 28 C.F.R. § 542.19).

When an inmate demonstrates a valid reason for his delay in submitting an administrative request or appeal, the BOP can extend the time limits for his submission. (DSMF at ¶ 10, citing 28 C.F.R. § 542.15(a)). Valid reasons for a delay in submitting a request or appeal may include an extended period in-transit during which the inmate was separated from the documents necessary to prepare his appeal or an indication by the inmate and verified by staff, that a response to the inmate's request for copies of dispositions of administrative remedies and appeals requested under 28 C.F.R. § 542.19 was delayed. (DSMF at ¶ 11, citing 28 C.F.R. §§ 542.14(b), 542.15(a)).

Cooper filed twenty-one administrative remedies while incarcerated in the BOP. (DSMF at ¶ 12, citing Doc. 24-1, Declaration of Erin Odell ("Odell Decl."), ¶ 7; Id., pp. 5 – 16, Administrative Remedy Generalized Retrieval). On August 25, 2015, Cooper filed Administrative Remedy Identification Number 833209-F1 at the institutional level alleging that staff put him at risk of assault. (DSMF at ¶ 13, citing Odell Decl. at ¶ 8). The Warden responded to the administrative remedy on August 28, 2015. (DSMF at ¶ 14, citing Odell

Decl. at ¶ 8). On September 14, 2015, Cooper filed Administrative Remedy Identification Number 833209-R1 with the Regional Office. (DSMF at ¶ 15, citing Odell Decl. at ¶ 9). The Regional Director denied the appeal on October 14, 2015. (DSMF at ¶ 16, citing Odell Decl. at ¶ 9). Cooper did not file an administrative remedy appeal to the Central Office. (DSMF at ¶ 17, citing Odell Decl. at ¶ 10).

## IV. Discussion

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies before filing suit in court. 42 U.S.C. § 1997e(a). The PLRA "mandates that an inmate exhaust … administrative remedies … before bringing suit to challenge prison conditions." Ross v. Blake, _____U.S. _____, _____, 136 S.Ct. 1850, 1854 - 555, 195 L.Ed.2d 117 (2016) (quotation omitted); see also Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (same).

The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152

L.Ed.2d 12 (2002). The exhaustion requirement applies equally to inmate civil-rights claims brought under 42 U.S.C. § 1983 or Bivens. Id. at 524, 122 S.Ct. at 988.

A prisoner need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *Ross*, ____ U.S. at ____, 136 S.Ct. at 1855. An administrative remedy is "'available' [if it] is 'capable of use for the accomplishment of a purpose' ". Id. at ____, 136 S.Ct. at 1858 – 59 (quoting Booth, 532 U.S. at 737, 121 S.Ct. at 1823). The Supreme Court in Ross outlined three circumstances when an administrative remedy is unavailable and the prisoner's duty to exhaust available remedies "does not come into play." Id. at ____, 136 S.Ct. at 1859.

> (1) 'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; (2) it is 'so opaque that i[t] becomes, practically speaking, incapable of use,' such as when no ordinary prisoner can discern or navigate it; or (3) 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'

Shumanis v. Lehigh Cty., 675 F. App'x 145, 148 (3d Cir. 2017) (quoting Ross, _____ U.S. at _____, 136 S.Ct. at 1859 – 60).

The PLRA also mandates "proper exhaustion" of all the agency's deadlines and other procedural rules pertaining to its administrative

remedy process. Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387, 165 L.Ed.2d 368 (2006). "'[P]rison grievance procedures supply the yardstick' for determining what steps are required for exhaustion." Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007) (quoting Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004)). "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules'" as they are "defined … by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218, 127 S.Ct. 910, 922 - 23, 166 L.Ed.2d 798 (2007) (quoting Ngo, 548 U.S. 88, 126 S.Ct. at 2384). "[I]t is the prison's [administrative remedy] requirements, and not the PLRA, that define the boundaries of proper exhaustion." Id. at 218, 127 S.Ct. at 923. Failure to comply substantially with the procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill, 372 F.3d at 227 – 32; see also Williams, 482 F.3d at 639 (inmate "procedurally defaulted" when he failed to comply with the requirements of the prison's grievance procedures).

Finally, "exhaustion is a question of law to be determined by a judge, even if that determination requires the resolution of disputed facts." Small v. Camden Cty., 728 F.3d 265, 269 (3d Cir. 2013).

Defendants move for summary judgment as to Cooper's Eighth Amendment failure-to-protect claim on the grounds that Cooper failed to exhaust his administrative remedies. (Doc. 24, Defs.' Br. in Supp. Mot. Summ. J.) The undisputed record confirms that while Cooper commenced the administrative review process concerning his Eighth Amendment claim, he failed to properly pursue it to final review.

It is undisputed that Cooper filed a BP-8 (informal resolution form), BP-9 (administrative remedy at the institutional level), and a BP-10 (an administrative remedy appeal to the Regional Office). (See Docs. 1, p. 2 and 25, DSMF ¶¶ 13 – 15). The Regional Director denied the appeal on October 14, 2015. (Doc, 25, ¶ 16). In an effort to excuse compliance with the exhaustion requirement, and overcome summary judgment, Cooper indicates, "in this action the [administrative] remedy was not available, due to an out of custody writ to Arizona C.C.A., and Hospitalization, as well as head injury and mental health disability." (Doc. 34, Pl.'s Opp'n Br., p. 2). None of these conclusory statements is sufficient to establish the unavailability of the administrative process,

which requires an inmate to demonstrate that prison administrators thwarted him from taking advantage of the grievance process through machinations, misrepresentation, or intimidation. Ross, \_\_\_\_\_ U.S. at \_\_\_\_\_, 136 U.S. at 1860.

First, Cooper's reliance on Robinson v. Supt. Rockview SCI, 831 F.3d 148 (3d Cir. 2016) to suggest the unavailability of the BOP's administrative remedy system based on his professed failure to receive a copy of the Regional Director's response to his appeal is misplaced. The Third Circuit Court of Appeals held in Robinson that a prison's failure to timely respond to an inmate's properly filed grievance renders the institution's remedies "unavailable". Id. at 153. However, that is not what happened in this case. The undisputed fact is that on September 14, 2015, Cooper appealed the Warden's denial of his appeal to the Regional Director and the Regional Director issued a timely response on October 14, 2015, denying the appeal. (Doc. 25, DSMF ¶ 15). The fact that Cooper did not receive the response does not demonstrate that prison officials interfered or thwarted his ability to use the BOP's administrative remedy process as in Robinson. Additionally, the undisputed record clearly indicates that the BOP's administrative remedy process stalls in the event an inmate does not receive a

response to their administrative remedy or appeal within the requisite period. The BOP Administrative Remedy Program provides that in such a scenario, the inmate may consider the absence of a response to be a denial of his request at that level. (Doc. 25, DSMF ¶ 8). Furthermore, even though transferred to Arizona, a non-BOP facility, Cooper could have followed BOP policy and request a copy of the Regional Director's response from that office. (DSMF ¶ 9). His attempt to obtain a copy of his appeal from his local counselor (Diltz) does not demonstration his compliance with the Administrative Remedy Policy that instructs him to obtain a copy of that document from the Regional Office. (Id.) Additionally, Plaintiff could have requested an extension to file his appeal to Central Office explaining his transfer to Arizona. (DSMF ¶¶ 10 – 11). Cooper's failure to follow of the opportunities provided by the BOP's Administrative Remedy Process to advance his grievance through the system when an inmate does not receive a timely response to his administrative remedy or appeal does not demonstrate the "unavailability" of the process but rather his abandonment of his administrative remedy.

     To the extent Cooper claims the BOP Administrative Remedy Process was "unavailable" to him because of a hospitalization, head

injury or mental health issues, these conclusory allegations are also unsupported by the record.  A party opposing summary judgment must come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief.  Pappas v. City of Lebanon, 331 F. Supp.2d 3131, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e).  This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims.  See Anderson, 477 U.S. at 250 – 57, * U.S. at *; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 487 – 89, 106 S.Ct. 1348, *, 89 L.Ed.2d 538 (1986); see also Fed. R. Civ. P. 56(c), (e).  Cooper fails to meet this burden as he did not submit any evidence in support of his contention that he suffers from a debilitating mental health condition, head trauma or long term hospitalization that would have impeded his ability to properly exhaust his available administrative remedies.  To be clear, to the extent he suffered any impediment after the assault, Cooper stayed one day in the hospital following the assault and yet managed to properly and timely complete three of the four steps of the BOP's administrative remedy process.  Finally, as noted above, Cooper fails to submit any evidence to support his assertion that upon "returning to FBOP custody, later, all inquiry into the administrative remedy were for not." (Doc. 34, p. 3).  As

such, Cooper has failed to meet his burden with respect to the administrative exhaustion of his <u>Bivens</u> claim. Defendants therefore are entitled to entry of summary judgment.

**BY THE COURT:**

**Dated: March 9, 2018**     **s/ James M. Munley**
                            **JUDGE JAMES M. MUNLEY**
                            **United States District Court**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN COOPER, | : | 1:16cv2073 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
|  v. | : | |
| | : | |
| LT. JASON SEEBA, et al., | : | |
|     Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 9th day of March 2017, upon consideration of the Defendants' motion (Doc. 21) for summary judgment pursuant to Federal Rule of Civil Procedure 56, and for the reasons set forth in the Court's Memorandum of the same date, it is hereby ORDERED that:

1. Defendants' motion (Doc. 21) for summary judgment is GRANTED.

2. The Clerk of Court is directed to ENTER judgment in favor of Defendants Hess, Klosner, Edinger and Diltz.

3. The Complaint against Defendants Seeba and Seagraves is DISMISSED pursuant to Federal Rule of Civil Procedure 4(m).

4. The Clerk of Court is directed to CLOSE this case.

5. Any appeal from this order is deemed frivolous and not in good faith. See 28 U.S.C. §1915(a)(3).

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**